# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| Evanston Insurance Company, | |
|     Plaintiff, | 3:14-CV-00049 JWS |
|     vs. | **ORDER AND OPINION** |
| Matanuska-Susitna Borough, | [Re: Motion at docket 65] |
|     Defendant. | |

## I. MOTION PRESENTED

At docket 65 defendant Matanuska-Susitna Borough ("MSB" or "Defendant") filed a motion for attorney's fees in the declaratory judgment action brought by plaintiff Evanston Insurance Company ("Evanston" or "Plaintiff"). Evanston responds at docket 68, and MSB replies at docket 70. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

At issue in the declaratory judgment action was whether Evanston had a duty to indemnify MSB for prospective damages arising from an underlying lawsuit that was pending before the court. The underlying lawsuit involved current and former MSB employees alleging that they were unlawfully excluded from the state's Public

Employees Retirement System ("PERS") "by means of artificial and discriminatory job classifications notwithstanding PERS eligibility based upon hourly work totals."[1] MSB informed its insurance company, Evanston, about the lawsuit, believing that the claims could trigger coverage under its insurance policy. Evanston denied coverage and disclaimed any duty to indemnify MSB for losses in the underlying litigation and then filed the declaratory judgment action. Based on the terms of the Employment Liability Benefit Endorsement to MSB's insurance policy, MSB only had coverage for negligent acts, errors, or omissions in the administration of its employee benefit plans. Evanston therefore asserted that it did not need to indemnify MSB for any losses stemming from its intentional act of excluding the plaintiffs in the underlying case from PERS.

Evanston sought summary judgment. In response to the motion for summary judgment, MSB argued that the declaratory judgment action was premature and should be deferred until the issue of MSB's liability in the underlying lawsuit was decided. Alternatively, it argued that, at most, its actions related to the misclassification and exclusion of its employees for purposes of PERS were negligent and therefore covered under the policy. Before the court issued an order on Evanston's motion for summary judgment, the plaintiffs in the underlying lawsuit settled for an amount under the insurance policy's retained limit of $250,000. Evanston did not contribute to the settlement. The court, agreeing with Evanston's briefing on whether the court had jurisdiction over the declaratory judgment given the settlement of the underlying litigation, dismissed the declaratory judgment action for a lack of case or controversy.[2] MSB now moves for attorney's fees because it believes it was the prevailing party given the court's dismissal.

---

[1] Doc. 26-2 at p. 3, ¶ 17.

[2] Doc. 64

-2-

## III.  DISCUSSION

Attorney's fees in this case are governed by Alaska Rule of Civil Procedure 82.[3] Alaska Rule 82 provides for an award of attorney's fees to the "prevailing party."[4] The determination of who is the "prevailing party" is within the trial court's discretion.[5] "In cases in which the prevailing party recovers no money judgment, the court . . . shall award the prevailing party in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred."[6]

The prevailing party is "the one who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of the original contention."[7] It is the party "in whose favor the decision or verdict is rendered and the judgment entered."[8] The main issue initially raised in the declaratory judgment action was whether Evanston would be liable for any judgment or settlement of the claims asserted by MSB employees in the underlying case if those claims exceed the $250,000 retained limit. Evanston filed a summary judgment motion asking the court to resolve the coverage dispute. In response to the motion for summary judgment, MSB raised the issue about whether the coverage dispute was premature. It argued that summary judgement should be denied because the dispute was not yet ripe for determination given the underlying litigation was still pending. MSB argued that if it were successful in defending the underlying lawsuit then there would be

---

[3] *Kona Enters. Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) ("A federal court sitting in diversity applies the law of the forum state regarding an award of attorney's fees.").

[4] Alaska R. Civ. P. 82(a).

[5] *State v. Johnson*, 958 P.2d 440, 444 (Alaska 1998).

[6] Alaska R. Civ. P. 82(b)(2).

[7] *Buza v. Columbia Lumber Co.*, 395 P.2d 511, 514 (Alaska 1964).

[8] *Id.*; *see also Taylor v. Moutrie-Pelham*, 246 P.3d 927, 929 (Alaska 2011).

-3-

no need for Evanston to indemnify it. Thus, it argued, there was not yet a case or controversy and any decision about coverage would be premature.

Evanston asserted that MSB's argument regarding the lack of case or controversy was without merit because "Supreme Court and Ninth Circuit precedent firmly establish that a determination of an insurer's duty to indemnify the insured for damages in pending litigation presents a justiciable question."[9] It relied on *National Chiropractic Mutual Insurance Co. v. Doe*,[10] where the district court held that "disputes between a liability insurer and its insured, where the insured is sued by a third party and the insurer believes that the claim is outside of coverage so that the insured is entitled to neither an indemnity nor a defense, would appear to present the paradigm situation in which a declaratory judgment should be available."[11] It then distinguished the cases MSB relied on and stated that there were no common issues of fact at issue that would prevent the court from rendering an independent decision on coverage.

The court never issued an order on the issue of coverage or on the issue of whether there was a ripe controversy. That is, neither party prevailed on the main issues and arguments presented to the court. Instead, before the court resolved the motion, the underlying litigation settled. The court then asked for briefing from the parties as to whether a case or controversy existed after settlement of the underlying case—a question distinct from the case of controversy issue raised in the summary judgment briefing. Evanston took the position that indeed there was no longer a ripe case or controversy, and the court agreed, dismissing the action without prejudice.

MSB now argues that because the underlying litigation ultimately settled and Evanston's case was dismissed as a result, it was the prevailing party. It believes that

---

[9]Doc. 44 at p. 15 (relying on *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941), Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1222 n.2 (9th Cir. 1998), and other cases).

[10]23 F. Supp. 2d 1109 (D. Alaska 1998).

[11]*Id.* at 1114.

-4-

the fact that Evanston's case became moot demonstrates that MSB was correct in its assessment about the action being premature. In support of its argument, MSB relies on *Hart v. Wolff*[12] for the proposition that a "prevailing party" includes a party who succeeds because the case against it is dismissed even when there is no final determination on the merits. *Hart*, however, is distinguishable because it involved dismissal as a result of the plaintiff's delay or failure to cooperate. In *Hart*, the plaintiff sued for defamation concerning misappropriation of funds from a business in which the plaintiff and defendant had been partners. The plaintiff failed to comply with an order to produce discovery. The court found that the plaintiff's disobedience was willful, and as a sanction it dismissed the plaintiff's complaint without prejudice. Thus, the case stands for the proposition "that when litigation is dismissed as a result of the delay or intransigence of one of the litigants, the trial court may deem the other litigant the prevailing party for purposes of Rule 82."[13] That is clearly not the situation presented here. This is also not a case where the plaintiff voluntarily dismissed the case or where dismissal was based on *forum non conveniens*.[14] The case or controversy went away because the underlying litigation went away for reasons that were unrelated to Evanston's actions and unrelated to any decision in this matter. No party can be said to have prevailed, particularly given that the court did not finally resolve the rights of the parties in this court.[15]

---

[12]489 P.2d 114 (Alaska 1971).

[13]*State v. Johnson*, 958 P.2d 440, 444 (Alaska 1998).

[14]*See Miller v. Wilkes*, 496 P.2d 176, 178 (Alaska 1972), *overruled on other grounds by R.A. Davenny & Assocs., Inc.v. Shinjin Motors Sales Co.*, 533 P.2d 1112, 1114 (Alaska 1975) (affirming Civil Rule 82 fee award after voluntary dismissal without prejudice); *Bromley v. Mitchell*, 902 P.2d 797, 804-05 (Alaska 1995) (granting attorney's fees to defendant based on a dismissal for *forum non conveniens*).

[15]*See Bromley*, 902 P.2d at 804 (discussing when a party can be deemed prevailing when there has been a dismissal without prejudice and finding that a dismissal without prejudice due to *forum non conveniens* can result in attorney's fees because the ruling has a preclusive effect in that jurisdiction).

## IV. CONCLUSION

Based on the preceding discussion, MSB's motion for attorney's fees at docket 65 is DENIED.

DATED this 31st day of March 2016.


/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE